(C.D. 4159)

CAVALIER SHIPPING CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 4, 1971)

*Parsons, Field & Steffen* (*William R. Moore, Jr.*, of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Herbert P. Larsen*, trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: The cases listed in schedule "A," annexed hereto and made a part hereof, consolidated for the purpose of trial, challenge the classification of certain parts for fuel injection systems of diesel engines under the provisions of paragraph 372, Tariff Act of 1930, as modified by T.D. 55615, and supplemented by T.D. 55649. Duty was assessed at the rate of 10½ per centum ad valorem.

(1)

Plaintiff contends said parts are entitled to entry free of duty as repair parts of agricultural implements under paragraph 1604, Tariff Act of 1930.

The record consists of the testimony of one witness called on behalf of plaintiff and two documentary exhibits received in evidence as plaintiff's collective exhibits 1 and 2. Counsel for the respective parties have stipulated that the merchandise covered by the protests consists of parts of internal combustion engines. Defendant also admits the merchandise is parts of fuel injection systems for diesel engines. It is also established that said parts are used with four Ford engines and that the importer sells these in Virginia, North Carolina and South Carolina.

Defendant in its brief admits that both the classification and rate of duty applied are erroneous. The provision under which classification was made specifically excepts internal combustion engines and parts. It being admitted that the imported merchandise is parts of internal combustion engines, we agree the classification is erroneous. The rate of duty, 10½ per centum ad valorem, was not effective until July 1, 1962, and the last importation involved was made on March 8, 1962. Accordingly, the rate of duty assessed was also erroneous.

Paragraph 1604, *supra*, is a use provision requiring evidence of chief use throughout the United States. *United States* v. *Spreckels Creameries, Inc.*, 17 CCPA 400, T.D. 43835 (1930). The burden is, therefore, upon plaintiff to establish the tractors, of which the imported merchandise is claimed to be parts, are chiefly used for agricultural purposes. In addition, since plaintiff contends the involved merchandise is parts, proof must be adduced to establish the dedication of said parts to the engine and the dedication of the engine to a tractor which is chiefly used in agriculture. *United States* v. *Ford Motor Company*, 51 CCPA 22, C.A.D. 831 (1963); *Ford Motor Company* v. *United States*, 56 CCPA 19, C.A.D. 946 (1968).

The evidence fails to establish the correct classification contended for by plaintiff and notwithstanding the incorrect classification and assessment of duty, we must overrule the claims in the protests without affirming the classification since plaintiff has failed to meet the twofold burden imposed upon it by the presumption of correctness attaching to the action of the customs officials.

Judgment will be entered accordingly.